**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROGER S. PHILLIPS, III, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                            **NO. 16-564-JJB-EWD**

**JPMORGAN CHASE BANK N.A., ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROGER S. PHILLIPS, III, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                            **NO. 16-564-JJB-EWD**

**JPMORGAN CHASE BANK N.A., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by plaintiffs Roger S. Phillips, III and Sharon Burge Phillips (collectively, "Plaintiffs"), individually and as beneficiaries of, and as individual co-trustees on behalf of, The Roger S. Phillips, Jr. Exemption Testamentary Trust, The Roger S. Phillips, Jr. Marital Testamentary Trust, and The Roger S. Phillips, Jr. Testamentary Trust Part A/Trust Part B ("the Testamentary Trusts").[1]  The Motion is opposed.[2]  For the reasons that follow, the undersigned recommends that the Motion to Remand be **DENIED** and the claims against defendant Elizabeth M. Ary be **DISMISSED**.  If this Report and Recommendation is adopted, the undersigned further recommends that this matter be set for a scheduling conference.

### Factual and Procedural Background

On or about July 29, 2016, Plaintiffs filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, against JPMorgan Chase Bank, N.A. ("JPMorgan"), in its capacity as former Bank Co-Trustee of the Testamentary Trusts, and against Elizabeth M. Ary, in her individual capacity as the Managing JPMorgan Trust Officer for the Testamentary Trusts (collectively, "Defendants").[3]  In the Petition, Plaintiffs allege that in the

---

[1] R. Doc. 3.
[2] R. Doc. 4.
[3] R. Doc. 1-1 at 1-14.

matter entitled *Succession of Roger S. Phillips., Jr.*, Probate No. 96,519, Section 23, 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, a Partial Judgment of Possession, a Judgment of Possession, and an Amended Judgment of (Partial) Possession (collectively, "Judgments of Possession") were rendered, recognizing the Testamentary Trusts pursuant to the Last Will and Testament of Roger S. Phillips, Jr., dated September 20, 1991 ("Last Will and Testament").[4] According to Plaintiffs, the Last Will and Testament designated Plaintiffs as the sole Principal and Income Beneficiaries of the Testamentary Trusts and designated Sharon Burge Phillips as Individual Co-Trustee of the Testamentary Trusts.[5] Plaintiffs assert that pursuant to the Judgments of Possession, JPMorgan was appointed as Bank Co-Trustee of the Testamentary Trusts and was responsible for receiving, investing, and administering all assets of the Testamentary Trusts for the benefit of Plaintiffs, who are the named beneficiaries.[6]

Plaintiffs assert that in a January 13, 2016 Judgment issued in the above-referenced succession proceeding, JPMorgan was discharged as Bank Co-Trustee of the Testamentary Trusts based upon Plaintiffs' unsatisfactory experience with JPMorgan, and that Iberia Bank was appointed as the new Bank Co-Trustee.[7] Plaintiffs claim that these changes were made because JPMorgan and Ary, as Managing JPMorgan Trust Officer for the Testamentary Trusts, breached their duties and obligations owed to the Plaintiffs under the terms and conditions of the Testamentary Trusts, the Louisiana Trust Code, and the Financial Industry Regulatory Authority ("FINRA").[8] Specifically, Plaintiffs allege that, "Ms. Ary and all other agents and employees of

---

[4] R. Doc. 1-1 at 2, ¶ 3. The Judgments of Possession and the Last Will and Testament have not been provided to the Court for review with the instant Motion to Remand, however Defendants do not contest these allegations. (*See*, R. Docs. 1, 4).

[5] R. Doc. 1-1 at 2, ¶ 3.

[6] R. Doc. 1-1 at 2, ¶ 4.

[7] R. Doc. 1-1 at 2-3, ¶¶ 5-6. A copy of the January 13, 2016 Judgment from the state court has not been provided to this Court for review with the instant Motion to Remand, however Defendants do not contest these allegations. (*See*, R. Docs. 1, 4).

[8] R. Doc. 1-1 at 3, ¶ 7.

JPMorgan charged with fulfillment of JPMorgan's Bank Co-Trustee duties for the Testamentary Trusts, acted on behalf of JPMorgan in the course and scope of their employment with JPMorgan, in implementing and executing JPMorgan's breach of its duties and obligations owed to Petitioners," thereby rendering JPMorgan liable for all monetary damages suffered by Plaintiffs as a result of breaches of JPMorgan's duties as Bank Co-Trustee.[9]

Plaintiffs further allege that all of the breaches of JPMorgan's duties and obligations as Bank Co-Trustee "were caused to be committed by, under, and pursuant to the specific discretion, control, instruction, and authorization of Ms. Ary as Managing Trust Officer of the Testamentary Trusts on behalf of JPMorgan."[10]   Plaintiffs assert that these breaches were committed intentionally or, alternatively, negligently, and contrary to the demands and instructions of Plaintiffs and contrary to the terms and conditions of the Testamentary Trusts, the Louisiana Trust Code, FINRA, "and the fiduciary duties owed by both Defendants."[11]   Alternatively, Plaintiffs assert that, "all of Defendants' breaches of duties caused under the management of Ms. Ary . . . also amount to tortious negligence on the part of both Defendants, either intentional or unintentional, thereby rendering both Defendants liable for all damages suffered by Petitioners."[12] Also in the alternative, Plaintiffs assert the following:

> [U]pon information and belief of Petitioners, to the extent that Ms. Ary acted as Managing Trust Officer for the Testamentary Trusts either without authority or beyond the scope of her authority on behalf of JPMorgan in the breaches of Trustee duties and obligations stated hereinbelow, any such actions without or beyond the scope of Ms. Ary's authority on behalf of JPMorgan authority [sic] render Ms. Ary personally liable for all of the damages caused to Petitioners, for all of the reasons stated hereinbelow, including

---

[9] R. Doc. 1-1 at 3-4, ¶ 7 (emphasis in original).
[10] R. Doc. 1-1 at 4, ¶ 7.
[11] *Id.*
[12] *Id.*

4

as an unauthorized (or beyond the scope of authorization) mandatory [sic] as defined by Louisiana law.[13]

In the Petition, Plaintiffs allege that Defendants breached the duties they owed to Plaintiffs as Bank Co-Trustee and Managing Trust Officer for the Testamentary Trusts in the following respects:

A. For all three Testamentary Trusts, Defendants breached their duties in the selection of all investments made by JPMorgan, as all Testamentary Trusts investment decisions were made by Defendants without complying with the express terms of Section 6.16 of [the Last Will and Testament], which unequivocally states that ten-day prior written notice must be given by the Bank Co-Trustee to the Individual Co-Trustee, Sharon Burge Phillips, prior to making any investment decisions, **which required notice was never given by JPMorgan** . . . .

B. The Trust Portfolio Guidelines Agreements which Defendants solely prepared . . . as well as the investment decisions thereunder made solely by Defendants, are all in blatant contradiction of the requirements of the Louisiana Trust Code and FINRA standards, with all investment decisions executed by JPMorgan without regard to the particular investment needs and risk tolerances to the Phillips Trusts Beneficiaries . . . .

C. Those inappropriate "cookie cutter" agreements and all investment decisions made by Defendants were structured solely for the benefit of JPMorgan, not the Beneficiaries, purportedly authorizing and resulting in investment in JPMorgan branded products, each with their own non-disclosed and never verbally explained internal duplicative and excessive fees . . . .

D. At no time were any JPMorgan branded product internal fees or the composition of the JPMorgan products ever disclosed, explained, or communicated to Petitioners; with JPMorgan instead ignoring repeated requests . . . from Petitioners to reduce the percentage of JPMorgan products to provide better and more suitable investments;

E. Defendants regularly chose to sell previously existing assets that were good investments to cover the losses of the (improvidently selected JPMorgan) "losing investments" that Defendants selected and maintained . . . despite repeated demands to the contrary by Petitioners . . . .

F. [A]ll of the investments made by JPMorgan and actions taken by JPMorgan, for . . . Testamentary Trust Part A/Trust Part B, were not authorized by any validly executed Trust Portfolio

---

[13] *Id.*

Guidelines Agreement, and are therefore null and void . . . .
Therefore, all resultant losses and expenses . . . are the liability
and responsibility of Defendants, for which they are liable unto
Petitioners as damages . . . .

G. Defendants unilaterally and without prior notice to Petitioners,
selected two high-risk hedge funds for the Exemption
Testamentary Trust . . . without any of the required
communication in advance (pursuant to Section 6.16 of the Last
Will and Testament) with Sharon Burge Phillips as Individual
Co-Trustee or Roger S. Phillips, III as Beneficiary regarding
either of those purchases . . . . Not only did those hedge funds
prove to be poorly performing investments, but additional
damages were caused by the non-liquidity of those hedge funds.

H. Defendants paid their own legal fees from Testamentary Trusts
Assets . . . .[14]

In the Petition, Plaintiffs seek monetary damages for: (1) the loss or depreciation of the

assets of the Testamentary Trusts that resulted from Defendants' alleged breaches of JPMorgan's

duties as Bank Co-Trustee of the Testamentary Trusts; (2) the return of all profits and fees charged

by JPMorgan as Bank Co-Trustee, both disclosed and undisclosed, including all fees associated

with JPMorgan branded products; and (3) the profit and increased values that would have accrued

to the Testamentary Trusts if there had been no breaches of the duties and obligations owed to

Plaintiffs by JPMorgan.[15]  Plaintiffs also assert that they are entitled to attorney's fees because

Defendants fraudulently misrepresented or suppressed the truth regarding the inception,

implementation, and execution of JPMorgan's obligations as Bank Co-Trustee.[16]

On August 25, 2016, JPMorgan filed a Notice of Removal, asserting that this Court has

diversity jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a), diversity jurisdiction.[17]

JPMorgan asserts that the amount in controversy exceeds $75,000 in this case because in an exhibit

to Plaintiffs' state court Petition, Plaintiffs allege that certain breaches by JPMorgan have caused

---

[14] R. Doc. 1-1 at 6-10, ¶ 13. (Emphasis in original).
[15] R. Doc. 1-1 at 11, ¶ 15.
[16] R. Doc. 1-1 11-12, ¶ 16.
[17] R. Doc. 1 at ¶ 8.

losses to the Testamentary Trusts in excess of $623,000.[18]  JPMorgan contends that Plaintiffs seek monetary damages at least in that amount, as well as the return of all profits and fees charged by JPMorgan and damages for the profits and increased values that would have accrued to the Testamentary Trusts if there had been no breaches of JPMorgan's obligations as Bank Co-Trustee.[19]   Thus, JPMorgan asserts that Plaintiffs' claims clearly exceed the jurisdictional threshold amount of $75,000.

JPMorgan further asserts that complete diversity exists because Plaintiffs are citizens of Louisiana and JPMorgan, as a national bank, is a citizen of Ohio, where its main office is located.[20] While Ary is alleged to be a citizen of Louisiana, JPMorgan asserts that Ary's citizenship should be ignored because she was improperly joined as a defendant to destroy diversity jurisdiction.[21] JPMorgan asserts that Plaintiffs have not alleged any actionable conduct on the part of Ary, as Plaintiffs only allege that Ary and other JPMorgan employees "acted on behalf of JPMorgan in the course and scope of their employment with JPMorgan" and that all of the breaches of JPMorgan's duties "were caused to be committed by, under, and pursuant to the specific discretion, control, instruction, and authorization of Ms. Ary . . . on behalf of JPMorgan."[22]  JPMorgan further asserts whatever factual allegations were made as to the "Defendants" can only be imputed to JPMorgan.  JPMorgan claims that the only specific bases for liability alleged by Plaintiffs are breaches of the fiduciary obligations imposed upon JPMorgan, the Bank Co-Trustee, by the Louisiana Trust Code, FINRA regulations, and the terms of the Testamentary Trusts.  Thus, JPMorgan contends that Plaintiffs have acknowledged that any duties owed to the Plaintiffs were

---

[18] R. Doc. 1 at 5-6 (*citing* R. Doc. 1-1 at 5, ¶ 9); *See*, R. Doc. 1-1 at 18-20.
[19] R. Doc. 1 at 6 (*citing* R. Doc. 1-1 at 5, ¶ 15).
[20] R. Doc. 1 at 6 (quoting *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941, 945, 163 L.Ed.2d 797 (2013) ("[A] national bank . . . is a citizen of the state in which its main office, as set forth in its articles of association, is located.")).
[21] R. Doc. 1 at 6-7.
[22] *Id.* at 8.

only owed by JPMorgan as the Bank Co-Trustee.[23]  Finally, JPMorgan asserts that as the Managing JPMorgan Trust Officer for the Testamentary Trusts, Ary owed no personal obligation to protect Plaintiffs against economic harm arising out of their course of dealings with JPMorgan.  JPMorgan contends that while corporate officers and directors owe a fiduciary duty to their corporation and its shareholders, no such duty is owed to third-parties who contract with the corporation.[24]  Further, JPMorgan asserts corporate officers and directors can only be held individually liable for injuries to third-parties under limited situations, which are not present in this case.[25]

On September 12, 2016, Plaintiffs filed a Motion to Remand, seeking to remand the matter to state court for lack of subject matter jurisdiction, asserting that Ary is a properly-named, non-diverse defendant.[26]  Plaintiffs assert that the Notice of Removal completely ignores Plaintiffs' alternative allegations that Ary acted in some instances beyond the scope of her authority as JPMorgan's agent, thereby rendering her personally liable under Louisiana's law of mandate.[27] Plaintiffs assert that the Petition specifically alleges that Ary exceeded the scope of her authority as an agent/employee of JPMorgan by: (1) making investment decisions without giving Sharon Burge Phillips, the Individual Co-Trustee, prior written notice of such decisions, as required by the Last Will and Testament;[28] (2) acting without regard to the particular investment needs and risk tolerances of the Trust Beneficiaries and investing trust assets in JPMorgan branded products that contained duplicative and excessive fees;[29] (3) acting without written authorization for the Trust Part A/Trust Part B investment portfolio and initiating risky hedge fund investments without

---

[23] *Id.* at 9.
[24] *Id.*
[25] *Id.* at 8 (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)).
[26] R. Doc. 3.
[27] *Id.* at 4-5.
[28] *Id.* at 7 (*citing* R. Doc. 1-1 at 7, ¶ 13(A)).
[29] R. Doc. 3 at 8 (*citing* R. Doc. 1-1 at 9, ¶ 13(F)).

the required 10-day advance written notice;[30] (4) violating the requirements of the Louisiana Trust Code and the terms of the Last Will and Testament;[31] (5) fraudulently selecting investments with undisclosed and duplicative fees and expenses;[32] and (6) instructing and authorizing the unlawful "holdback" of amounts of the assets of the Testamentary Trusts ordered by the state court judge to be transferred immediately to the new Bank Co-Trustee upon the discharge of JPMorgan as Bank Co-Trustee.[33]  According to Plaintiffs, "All of those acts are alleged to be (as referenced by ¶ 13.F, p.9) outside the limits of the scope of Ms. Ary's agent/employment authority."[34]

Plaintiffs also assert that because there is no allegation that Ary is either a corporate officer or director, Plaintiffs' claims against Ary are governed by Louisiana's law of mandate.[35]  However, Plaintiffs maintain that Ary would still be found personally liable under the corporate liability laws cited by JPMorgan for acting outside the scope of her employee authority and breaching the duty of care delegated to her by JPMorgan.[36]  As such, Plaintiffs request that this matter be remanded to state court and that Plaintiffs be awarded reasonable expenses, including attorney's fees, incurred in filing the Motion to Remand.

In opposition, JPMorgan asserts that Ary was improperly joined as a defendant because Plaintiffs seek to hold Ary liable for various breaches allegedly committed by JPMorgan as the Bank Co-Trustee.[37]   JPMorgan claims that Plaintiffs' conclusory allegations regarding the Defendants' various breaches can be categorized into three groups: (1) breach of the terms and conditions of the trust instruments; (2) breach of the duties owed by the Bank Co-Trustee under

---

[30] R. Doc. 3 at 8 (*citing* R. Doc. 1-1 at 9, ¶ 13(F)).
[31] R. Doc. 3 at 8-9 (*citing* R. Doc. 1-1 at 10, ¶ 14).
[32] R. Doc. 3 at 9 (*citing* R. Doc. 1-1 at 11-12, ¶ 16).
[33] R. Doc. 3 at 9 (*citing* R. Doc. 1-1 at 12-13, ¶ 17).
[34] R. Doc. 3 at 8.
[35] *Id.* at 11.
[36] *Id.* at 11.
[37] R. Doc. 4 at 2.

the Louisiana Trust Code; and (3) breach of fiduciary duties.[38]  Because Ary was merely an employee of the Bank Co-Trustee, JPMorgan argues none of the duties cited by Plaintiffs were personal to Ary.  JPMorgan contends that as a matter of law, Ary cannot be held personally liable for the breach of duties owed by her employer.[39]  JPMorgan further asserts that Plaintiffs' general and non-specific allegations as to a collective group of "Defendants," without alleging any actionable conduct on Ary's part, fail to state a claim against Ary and are insufficient to defeat removal on the basis of diversity jurisdiction.  JPMorgan claims that Plaintiffs have not alleged any wrongful acts taken by Ary and instead attempt to impute JPMorgan's action to Ary personally.[40]

JPMorgan also asserts that Plaintiffs have not factually alleged that Ary exceeded her authority or otherwise acted outside the course and scope of her employment with JPMorgan.[41]  JPMorgan contends that Plaintiffs have only conclusively asserted that if Ary exceeded her authority as a mandatary, then she is personally liable under the laws of mandate.[42]  JPMorgan argues that under the well-pleaded complaint rule, conclusory statements couched as factual allegations are disregarded when determining whether Plaintiffs have pleaded enough facts to state a claim for relief that is plausible on its face.[43]  JPMorgan also argues that Louisiana's law of mandate does not apply in this case because it does not fix liability for the tortious acts of a mandatary or the principal, but determines whether the principal or mandatary becomes obligated for the performance of a contract entered into with third-parties.[44]  JPMorgan contends that a mandatary is only personally bound for the performance of a contract entered in excess of his or

---

[38] *Id.* at 4.
[39] *Id.*
[40] *Id.* at 7.
[41] *Id.*
[42] *Id.* at 8.
[43] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct 1955, 1974, 167 L.Ed.2d (2007)).
[44] R. Doc. 4 at 9.

her authority and Plaintiffs have not alleged that Ary exceeded her authority by accepting, on behalf of JPMorgan, the appointment as Bank Co-Trustee.[45]    JPMorgan asserts that there is no scenario where the Louisiana law of mandate can personally bind Ary to serve as Bank Co-Trustee and to personally perform all of the duties and obligations required under the trust instruments, the Louisiana Trust Code, or FINRA.[46]    Thus, JPMorgan asserts Ary cannot be held personally liable as a corporate officer or employee for the acts or omissions of JPMorgan as the Bank Co-Trustee.[47]

## Applicable Law and Analysis

### A. Improper Joinder

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See*, 28 U.S.C. § 1447(c).

---

[45] R. Doc. 4 at 9.
[46] R. Doc. 4 at 10.
[47] R. Doc. 4 at 11.

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. at 646-47. Here, the first method of proving improper joinder is not at issue because JPMorgan has not alleged actual fraud in the Petition. JPMorgan instead argues that Plaintiffs will be unable to establish a cause of action against Ary based upon the alleged breaches of various duties owed by JPMorgan as the Bank Co-Trustee. As such, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004).

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (citations omitted). However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id*. (citation omitted). Although the decision regarding the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of

12

discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*. at 574.

**B. JPMorgan has met its heavy burden of proving Ary was improperly joined.**

**1. Plaintiffs have not established a claim against Ary based on the law of mandate.**

In the state court Petition, Plaintiffs allege that to the extent Ary caused JPMorgan to breach its duties as Bank Co-Trustee by acting without authority or beyond the scope of her authority on behalf of JPMorgan as the Managing Trust Officer for the Testamentary Trusts, Ary is personally liable for all of the damages caused to Plaintiffs as an unauthorized mandatary under Louisiana law.[48] According to Louisiana law, "A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." La. Civ. Code art. 2989. "A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." La. Civ. Code art. 3016. As explained by one court, "Under well-settled principles of the Louisiana law of mandate, [employees/agents] cannot be held personally liable for acts performed within the scope of their agency relationship with [their employer]." *Technical Resource Services, Inc. v. Shell Exploration & Prod. Co.*, 2010 WL 890533, at *4 (E.D. La. Mar. 8, 2010) (*citing* La. Civ. Code arts. 3016, 3019, 2320; *Picquet v. Amoco Production Co.*, 513 F.Supp. 938, 939 (M.D. La. 1981)). However, "A mandatary who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time

---

[48] R. Doc. 1-1 at 4, ¶ 7.

the contract was made that the mandatary had exceeded his authority or unless the principal ratifies

the contract." La. Civ. Code art. 3019.

Plaintiffs seem to assert that to the extent Ary has acted beyond the scope of her authority

as JPMorgan's mandatary, Ary should be held personally liable under La. Civ. Code art. 3019.

The Court, however, finds Louisiana's law of mandate inapplicable in this case. As an initial

matter, Plaintiffs have presented no evidence to show that Ary entered into a contract with

JPMorgan, whereby JPMorgan conferred authority on Ary to transact one or more affairs for

JPMorgan. *See,* La. Civ. Code art. 2989. According to the Fifth Circuit, "Agency is never to be

presumed; it must be shown affirmatively. The party who asserts the existence of agency

relationship has the burden of proving it." *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296

(5th Cir. 1993) (citations omitted). Here, Plaintiffs' arguments presuppose that a principal-

mandatary relationship existed. Plaintiffs, however, have presented no evidence of such

relationship and the Court is not bound to accept unsupported arguments. *See, Rozel Operating*

*Company v. Crown Point Holdings, LLC*, 2017 WL 44987, at *6 (E.D. La. Jan. 4, 2017).

Further, JPMorgan asserts that even if an employee contracted with Plaintiffs on behalf of

JPMorgan, but without JPMorgan's authority, JPMorgan ratified the contract and agreed to serve

as the Bank Co-Trustee of the Testamentary Trusts.[49] Thus, even if Ary entered into a contract

with the Plaintiffs on behalf of JPMorgan without JPMorgan's authority to do so initially,

JPMorgan ratified the contract, thereby absolving Ary of any personal liability under La. Civ. Code

art. 3019. As such, there is no reasonable basis for predicting that Plaintiffs have a possibility of

recovery against Ary in her individual capacity as the Managing Trust Officer of the Testamentary

Trusts under Louisiana's law of mandate.

---

[49] R. Doc. 4 at 10.

  **2. Plaintiffs have failed to establish Ary's personal liability.**

   **a. *Canter* liability to third-parties for the negligence of corporate employees may only be imposed for bodily injury claims.**

   In *Canter v. Koehring*, the Louisiana Supreme Court held that an employee could only be held personally liable for injuries to third persons where: (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (citing *Canter v. Koehring*, 283 So.2d 716, 720-21 (La. 1973)). The Fifth Circuit has held that, "*Canter* liability to third persons for the negligence of corporate officers and employees may only be imposed for bodily injury claims." *Kling*, 575 F.3d at 515 (citing *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)). Because this case does not involve a claim for bodily injury and involves only claims for economic injuries, Plaintiffs cannot state a claim for relief against Ary for negligence under the *Canter* framework. *See*, *Roy Supply Co., Inc. v. Capital One Financial Corp.*, 2016 WL 4362156, at *4 (E.D. La. Aug. 16, 2016).

   **b. Corporate employees cannot be held personally liable for negligent acts or omissions committed in the course and scope of their employment.**

   Plaintiffs also allege that Ary's actions as the Managing Trust Officer of the Testamentary Trusts, which caused JPMorgan to breach its duties as the Bank Co-Trustee, amount to tortious negligence and a breach of the fiduciary duties owed by Ary to Plaintiffs.[50] "Generally, Louisiana law does not provide third parties with a cause of action against corporate directors and officers

---

[50] R. Doc. 1-1 at 4, ¶ 7.

for negligence, mismanagement, breach of fiduciary duty, or for debts of the corporation." *Cameron Equipment Co. v. Stewart and Stevenson Services, Inc*., 96-554, p. 7 (La. App. 3 Cir. 12/26/96), 685 So.2d 696, 700. "Officers, employees and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context." *Korson v. Independence Mall I, Ltd*., 595 So.2d 1174, 1178 (La. App. 5 Cir. 1992) (citing *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 215 (5th Cir. 1986)). Further, "[P]ersonal liability cannot be imposed upon the employee simply because of his general administrative responsibility for some function of employment." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (citation omitted). "Officers may, however, be liable in their personal capacity for fraudulent acts committed in the course of their employment." *Conerly Corp. v. Regions Bank*, 2008 WL 4975080, at \*4 (E.D. La. Nov. 20, 2008) (citing *Unimobil 84, Inc.*, 797 F.2d at 217). Thus, "[U]nder Louisiana law, a corporate officer/director . . . acting on behalf of a corporation and within the scope of his/her duties is not liable to third parties in a commercial context, except in cases of fraud or intentional interference with a contract." *Matthews v. Bancorpsouth Bank*, 2010 WL 797790, at \*6 (M.D. La. March 1, 2010) (citing cases).

Although Plaintiffs contend that they have not alleged that Ary is an officer or director of JPMorgan,[51] Plaintiffs claim that Ary should be held personally liable as an agent or employee of JPMorgan. In the Petition, Plaintiffs allege the following:

> [A]t all times pertinent to this Petition, Ms. Ary and all other agents and employees of JPMorgan charged with fulfillment of JPMorgan's Bank Co-Trustee duties for the Testamentary Trusts, *acted on behalf of JPMorgan in the course and scope of their employment with JPMorgan*, in implementing and executing JPMorgan's breach of its duties and obligations owed to Petitioners in the specifics alleged below; *thereby rendering JPMorgan liable* for all monetary damages suffered by Petitioners as the result of breaches of JPMorgan's Bank Co-Trustee duties stated hereinbelow

---

[51] R. Doc. 3 at 11.

[sic].  Upon information and belief of Petitioners, all of the breaches (both actions and inactions) of JPMorgan's duties and obligations as stated hereinbelow [sic] were caused to be committed by, under, and pursuant to the specific discretion, control, instruction, and authorization of Ms. Ary as Managing Trust Officer of the Testamentary Trusts *on behalf of JPMorgan*, from all appearances committed intentionally (or alternatively committed negligently) and contrary to the specific demands and instructions of Petitioners, and contrary to the terms and conditions of the Testamentary Trusts of the Last Will and Testament of Roger S. Phillips, Jr., the Louisiana Trust Code, FINRA, and the fiduciary duties owed by both Defendants.  Alternatively, upon information and belief of Petitioners, all of Defendants' breaches of duties *caused under the management of Ms. Ary* in violation of the terms of the Testamentary Trusts, as well as the Louisiana Trust Code and FINRA requirements, also amount to tortious negligence on the part of both Defendants, either intentional or unintentional, thereby rendering both Defendants liable for all damages suffered by Petitioners.[52]

The Court finds that all of the foregoing allegations concerning Ary relate to actions that Ary took within the scope of her employment with JPMorgan as part of her official duties on behalf of JPMorgan, rather than in her personal capacity.  As previously discussed, Louisiana law provides that, "a corporate officer, director, or employee acting on behalf of a corporation and within the scope of his or her duties is not liable to a third party in a commercial context, 'except in cases of fraud or other intentional wrongdoing.'"  *Roy Supply Co., Inc. v. Capital One Financial Corp.*, 2016 WL 4362156, at *5 (E.D. La. Aug. 16, 2016) (quoting *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 215 (5th Cir. 1986)).  Thus, to the extent that Plaintiffs seek to hold Ary personally liable for her alleged negligence, mismanagement, or breach of fiduciary duties, the Court finds that there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Ary personally for her negligent actions taken as the Managing JPMorgan Trust Officer for the Testamentary Trusts.  *See*, *Matthews v. Bancorpsouth Bank*, 2010 WL 797790, at *6, n.12 (M.D. La. March 1, 2010) ("Even assuming the alleged acts of Singletary and Denison were

---

[52] R. Doc. 1-1 at 3-4, ¶ 7 (emphasis added).

negligent . . . or constitute a form of mismanagement or a breach of a duty of good faith and fair dealing . . . Singletary and Denison are not personally liable to third parties for such acts since the acts were taken in the context of their duties as banking officers.") (citing *Cameron Equipment Co., Inc. v. Stewart and Stevenson Services, Inc.*, 96-554, pp. 7-8 (La. App. 3 Cir. 12/26/96), 685 So.2d 696, 700).

> **c.  There is no reasonable basis for the Court to predict that Plaintiffs will be able to recover against Ary for alleged fraud.**

Plaintiffs attempt to allege fraud as follows:

> Defendants, in their performance of JPMorgan's role as Bank Co-Trustee, were guilty of fraud as defined by *LA Civil Code* Article 1953, based upon their misrepresentation or suppression of the truth regarding inception, implementation, and execution of Bank Co-Trustee duties, leading to improvident and unauthorized investments, as well as undisclosed and duplicative fees and expenses of Trusts assets, particularly JPMorgan branded products, particularly in execution and inappropriate implementation of the Trust Portfolio Guidelines Agreements, contrary to the Trust terms of the Last Will and Testament of Roger S. Phillips, Jr., and the Louisiana Trust Code and FINRA, with such actions upon information and belief taken with the intention to obtain an unjust advantage in JPMorgan's role as Bank Co-Trustee, including by silence and inaction of Defendants relative to imprudent investments in JPMorgan branded products, as well as other miserably performing investments, including the above referenced Hedge Funds; including particularly, but not exclusively by silence and inaction of Defendants where those subjects were raised by Defendants in regular Trustee meetings and by the demand letters referenced above; thereby entitling Petitioners to recover attorney fees incurred in these proceedings.[53]

The Fifth Circuit has held that fraud must be alleged with particularity, specifying the time, place, and contents of the false misrepresentation, as well as the identity of the person making the misrepresentation and why the statements were fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997). The Court finds that the Petition does not allege that Ary

---

[53] R. Doc. 1-1 at 11-12.

specifically misrepresented any material fact to Plaintiffs or that Ary had any direct dealings or communications with the Plaintiffs. Although Plaintiffs allege that "Defendants" engaged in fraudulent conduct in general terms in the Petition, Plaintiffs fail to provide any specifics with regard to what was said to them, by whom it was said or where, and what (especially with respect to each defendant) was obtained thereby. *See*, *Cooper v. Primary Care Sols., Inc.,* 2017 WL 1086186, at *8 (M.D. La. Mar. 21, 2017) (dismissing plaintiffs' claims under the Louisiana Unfair Trade Practices Act because plaintiffs had not alleged fraud with the particularity required by Fed. R. Civ. P. 9(b)); *see also Adams v. Chase Bank*, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012) (finding no reasonable basis to predict that plaintiff might recover on his fraud claim because "a claim for fraud requires a misrepresentation by a defendant to a plaintiff. Plaintiff has not alleged any representations by Brice that could arguably form the basis of a fraud claim.") (internal citation omitted); *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton LLP*, 2010 WL 1267237, at *4 (N.D. Tex. Apr. 2, 2010) (concluding a defendant was improperly joined with respect to plaintiff's fraud claim because plaintiff failed to allege that the defendant made any false representation and the undisputed evidence showed the defendant played no role in the settlement negotiations in which the alleged fraud occurred).

To the extent the Petition vaguely alleges Defendants committed fraud in carrying out their duties, Plaintiffs have not asserted fraud allegations against Ary with the particularity required by Fed. R. Civ. P. 9(b). *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 209 (5th Cir. 2016). There is, therefore, no reasonable basis to predict that Plaintiffs can recover against Ary for alleged fraud.

     **d. Plaintiffs have not sufficiently alleged that Ary exceeded the scope of her authority as the Managing JPMorgan Trust Officer of the Testamentary Trusts.**

    The only allegation in the Petition that suggests Ary may have acted beyond the scope of her authority as an agent or employee of JPMorgan is the following:

> Alternatively, upon information and belief of Petitioners, to the extent that Ms. Ary acted as Managing Trust Officer for the Testamentary Trusts either without authority or beyond the scope of her authority on behalf of JPMorgan in the breaches of Trustee duties and obligations stated hereinbelow [sic], any such actions without or beyond the scope of Ms. Ary's authority on behalf of JPMorgan authority render Ms. Ary personally liable for all of the damages caused to Petitioners, for all of the reasons stated hereinbelow [sic], including as an unauthorized (or beyond the scope of authorization) mandatory [sic] as defined by Louisiana law.[54]

As JPMorgan points out, however, Plaintiffs have not alleged that Ary actually exceeded the scope of her authority as the Managing JPMorgan Trust Officer for the Testamentary Trusts. Plaintiffs have merely stated a legal conclusion – that *if* Ary exceeded the scope of her authority as the Managing Trust Officer for the Testamentary Trusts, then Ary would be held personally liable for any damages caused to the Plaintiffs as a result thereof.

    In the Motion to Remand, Plaintiffs assert that the Petition specifically alleges that Ary acted outside the scope of her authority as JPMorgan's agent by making investment decisions without regard to the particular needs and risk tolerances of the Trust Beneficiaries, investing in JPMorgan branded products that contained undisclosed and excessive fees, personally acting without written authorization for the Trust Part A/Trust Part B investment portfolio, and personally initiating risky hedge fund investments without the required advance notice.[55] This seems to be an effort by Plaintiffs to expand the allegations contained in the Petition by specifying, post-

---

[54] R. Doc. 1-1 at 4, ¶ 7.
[55] R. Doc. 3 at 8.

removal, that *Ary* committed certain actions complained of in the Petition.  As JPMorgan points

out, none of the allegations referred to by the Plaintiffs identify any personal conduct on the part

of Ary, referring instead to actions by the collective "Defendants."[56]  Specifically, the Petition

alleges the following:

> A. For all three Testamentary Trusts, *Defendants* breached their duties in selection of all investments made by JPMorgan . . . .
> B. The Trust Portfolio Guidelines Agreements which *Defendants* solely prepared and required Petitioners to execute, as well as the investment decisions thereunder made solely by *Defendants*, are all in blanket contradiction of the requirements of the Louisiana Trust Code, as well as FINRA standards . . . .
> C. [A]ll investment decisions made by *Defendants* were structured solely for the benefit of JPMorgan, not the Beneficiaries . . . .
> D. At no time were any JPMorgan branded product internal fees or the composition of the JPMorgan products ever disclosed, explained, or communicated to Petitioners; with *JPMorgan* instead ignoring repeated requests (both oral and written) from Petitioners to reduce the percentage of JPMorgan products to provide better and more suitable investments.
> E. *Defendants* regularly chose to sell previously existing assets that were good investments to cover the losses of the (improvidently selected by JPMorgan) "losing investments" that *Defendants* selected and maintained . . . with the basic result being that *JPMorgan* chose to maintain investments in its own miserably performing branded products . . . .
> F. [A]ll of the investments made by *JPMorgan* and actions taken by *JPMorgan*, for that Testamentary Trust Part A/Trust Part B, were not authorized by any validly executed Trust Portfolio Guidelines Agreement, and are therefore null and void . . . . Therefore, all resultant losses and expenses, poor investment performance, decreased asset values, and all fees associated with those unauthorized investments are the liability and responsibility of *Defendants*, for which they are liable unto Petitioners as damages . . . .
> G. *Defendants* unilaterally and without prior notice to Petitioners, selected two high-risk hedge funds . . . .
> H. *Defendants* paid their own legal fees from [Phillips' Trusts'] Assets . . . .[57]

---

[56] R. Doc. 4 at 5.  *See*, R. Doc. 1-1 at 7-10, ¶ 13.
[57] R. Doc. 1-1 at 7-10, ¶ 13 (emphasis added).

The foregoing allegations do not assert any personal conduct on the part of Ary, nor do they assert that Ary specifically exceeded the scope of her authority as the Managing JPMorgan Trust Officer for the Testamentary Trusts.

Since an objectively reasonable basis exists for removal in this case, there is no basis for granting the Plaintiffs' request for the costs and expenses, including attorney's fees, incurred in filing the Motion to Remand.[58]  Plaintiffs' request for costs and expenses should, therefore, be denied.

## Conclusion

Based on the foregoing, JPMorgan has met its burden of proving that there is complete diversity, and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Court has subject matter jurisdiction over this action because Plaintiffs have no possibility of recovery against Elizabeth M. Ary, individually as the Managing JPMorgan Trust Officer for the Testamentary Trusts, under Louisiana law.  Ary was, therefore, improperly joined to defeat federal diversity jurisdiction and should be dismissed from this action as a defendant.[59]  There is complete diversity between Plaintiffs and the remaining defendant, JPMorgan, and the Court should retain subject matter jurisdiction over the action.

---

[58] *See,* R. Doc. 3 at 14.

[59] "'A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined.'"  *Roy Supply Co., Inc. v. Capital One Financial Corp.*, 2016 WL 4362156, at *5, n.48 (E.D. La. Aug. 16, 2016) (quoting *Butler v. La. State Univ. Health Sciences Ctr.*, 2012 WL 7784402, at *4 (W.D. La. Nov. 19, 2012)).  *See, Hardy v. Ducote*, 246 F. Supp. 2d 509, 515–16 (W.D. La. 2003) (dismissing non-diverse defendants upon finding that they had been improperly joined); *Eagle Oil & Gas Co. v. Travelers Property Cas. Co. of America*, 2013 WL 5969920, at *2 (N.D. Tex. Nov. 8, 2013) (dismissing non-diverse defendant upon finding of improper joinder); *Mahon v. Aegon Direct Mktg. Servs., Inc.*, 2005 WL 1249486, at *1 (N.D. Tex. May 25, 2005) (dismissal of non-diverse defendant required once court finds improper joinder).

## <u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the Plaintiffs' Motion to Remand[60] should be **DENIED** and the claims against defendant Elizabeth M. Ary **DISMISSED**.

In the event this report is adopted and Plaintiffs' Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on May 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[60] R. Doc. 3.

23