UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROGER S. PHILLIPS, III, ET AL.                         CIVIL ACTION

VERSUS

JPMORGAN CHASE BANK N.A., ET AL.                 NO. 16-00564-JJB-EWD

**RULING AND ORDER**

      Before the Court is a *Motion to Remand* filed by Plaintiffs, Roger S. Phillips, III and Sharon Burge Phillips, individually and as beneficiaries of, and as individual co-trustees on behalf of, The Roger S. Phillips, Jr. Exemption Testamentary Trust, The Roger S. Phillips, Jr. Marital Testamentary Trust, and The Roger S. Phillips, Jr. Testamentary Trust Part A/Trust Part B.[1]  Defendant, JPMorgan Chase Bank N.A., has filed an *Opposition* to the *Motion*.[2]

      United States Magistrate Judge Erin Wilder-Doomes issued a *Report and Recommendation* dated May 8, 2017 recommending that the Plaintiffs' *Motion to Remand* be denied because JPMorgan Chase had met its heavy burden of proving Defendant Elizabeth M. Ary had been improperly joined to destroy diversity jurisdiction, 28 U.S.C. §

---

[1] Doc. 3.
[2] Doc. 4.

1

1332.³  Plaintiffs timely filed *Objections to the Report and Recommendation*.⁴  JPMorgan Chase Bank N.A. subsequently filed a *Response to Plaintiffs' Objections*.⁵

Having carefully considered the *Motion*, the record, the applicable law, the *Report and Recommendation*, and the Plaintiffs' *Objections,* the Court hereby approves the Magistrate Judge's *Report and Recommendation* of the Magistrate Judge and adopts it as the Court's opinion herein.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' *Motion to Remand*⁶ is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' claims against Defendant Elizabeth M. Ary are hereby DISMISSED.

The Court refers this matter to the Magistrate Judge for a scheduling conference.

Signed in Baton Rouge, Louisiana, on July 18, 2017.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

³ Doc. 8. The Magistrate Judge specifically found that (1) Plaintiffs failed to establish a claim against Ary based on Louisiana law of mandate; (2) Plaintiffs could not state a claim for relief against Ary for negligence under *Canter v. Koehring* because this case does not involve a claim for bodily injuries; (3) the allegations against Ary relate to those actions she took within the scope of her employment at JPMorgan as part of her official duties on behalf of JPMorgan, therefore, pursuant to Louisiana law "there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover from Ary personally for her negligent actions taken as the Managing JPMorgan Trust Officer for the Testamentary Trusts;" (4) considering the allegations set forth in Plaintiffs' *Petition*, in conjunction with the applicable law, there was no reasonable basis for the Court to predict that the Plaintiffs would be able to recover against Ary for alleged fraud; and (5) the Plaintiffs failed to sufficiently allege that Ary exceeded the scope of her authority as the Managing JPMorgan Trust Officer of the Testamentary Trusts.
⁴ Doc. 9.
⁵ Doc. 13.
⁶ Doc. 3.